UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

LIM  OU
and
NALEN  OU

Defendants

CRIMINAL No. 26-10201-RGS

JOINT MOTION TO MODIFY CONDITIONS OF RELEASE RE: "NO CONTACT"
AND TRAVEL RESTRICTIONS

The Government by and through the undersigned Assistant U.S. Attorneys, and Defendant Lim Ou by and through his undersigned counsel, jointly submit this motion for an Order modifying the conditions of release set by the Court on May 29, 2026.  Dkt. Nos. 16, 17.[1]

As part of the Order Setting Conditions of Release, under condition 7(g) the defendants were ordered to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution . . . [limited exception permitted]." The Order indicated the "no contact" Order included but was not limited to a list to be provided by the Government. The Government proposed, and the Magistrate Judge preliminarily accepted the Government's oral proposal, that the "no contact" list include: (1) former and current employees of the defendants' temporary employment agencies, (2) current and former client companies who

---

[1]   The Government made several email and phone attempts to determine whether counsel for defendant Nalen Ou could confirm the defendant's concurrence with this motion but did not receive a reply from counsel.

contracted with the defendants' agencies for temporary employees, and (3) the check casher(s) used by the defendants.

The Magistrate Judge directed the Government and counsel for defendants to consult and for the Government to submit a written list to this Court.

The Government did consult with defense counsel and on May 29, 2026, submitted the following as the agreed-upon victims and witnesses to be incorporated within Section 7(g) of the Setting Conditions of Release:

1. Former and current employees of the defendants' temporary employment agencies from 2013 to the present, except as to current and former employees who are also members of the defendants' immediate families;

2. Current and former client companies who contracted with the defendants' agencies for temporary employees;

3. the check casher(s) used by the defendants.

The agreed-upon restrictions included the following: To the extent it may be necessary for current employees to lawfully receive wages that are currently owed to them, the Government request that that be accomplished through the Eagle Payroll Service ("Eagle") to the extent Eagle is willing to participate and assist.  Dkt. No. 21.

The Government and counsel for Lim Ou now jointly request modifications to the "no contact" restrictions under Section 7(g) of the Order Setting Conditions of Release, as follows:

1. Former and current employees of the defendants' temporary employment agencies from 2013 to the present, except as to current and former employees who are also members of the defendants' immediate families.  *The defendants may be directly contacted by and/or directly respond to former and current employees only for the limited and specific purpose of assuring that such employees receive outstanding wages currently owed to them, and for no other purpose,* **provided that** *payment of such wages shall be accomplished by written check through Eagle Payroll (now Payright Payroll Services) with all applicable*

*withholdings from wages and employment tax payments (including employer tax payments) to federal and state authorities.*

2. Current and former client companies who contracted with the defendants' agencies for temporary employees. *Defendants may directly contact and/or directly respond to such current and former client companies only for the limited and specific purpose of obtaining payments for outstanding invoices for services issued to such client companies by KHL. Inc. and/or Top Labors, Inc., and for no other purpose*;

3. The check casher(s) used by the defendants;

4. *Eagle Payroll (now Payright Payroll Services) except for the limited and specific purpose of arranging for the payment of outstanding wages currently owed to current and former employees, with all applicable withholdings from wages and employment tax payments (including employer tax payments) to federal and state authorities, and for no other purpose.*

Additionally, Section 7(f) of the Setting Conditions of Release presently limits the defendants' travel to the "District of Massachusetts." Defendant Lim seeks permission to travel to Hillsborough County, New Hampshire for routine shopping, including at the Costco location where the family has historically shopped.

Accordingly, the Government and defendant Lim Ou jointly request modifications to the travel restrictions under Section 7(f) of the Order Setting Conditions of Release, as follows:

1. Travel restricted to the District of Massachusetts *and Hillsborough County, New Hampshire.* Stay away from any airport or airport grounds.

Respectfully submitted this 20th day of July, 2026.

LIM OU
By his attorney,

LEAH B. FOLEY
United States Attorney

/s/ MAKSIM NEMTSEV
MAKSIM NEMTSEV, Esq.

By: /s/ VICTOR A. WILD
VICTOR A. WILD
ADAM W. MCCALL
Assistant U.S. Attorneys
Suite 900 One Courthouse Way
Boston, MA 02210
(617) 748-3100
Victor.wild@usdoj.gov
Adam.McCall@usdoj.gov

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ VICTOR A. WILD
VICTOR A. WILD
Assistant U.S. Attorney

4